IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**TONIA L. LEWIS,**

        **Plaintiff,**

v.                                                                                                        Civil Action No.  5:21-cv-15
                                                                                                           Judge Bailey

**P. ADAMS, Warden; Captain B. ASHER;
S. HEALEY, A.H.S.A.; DIRECTOR MICHAEL
CARVAJAL; DR. GREGORY MIMS; NURSE
JENNIFER UNDERWOOD; NURSE L. BIRD;
DR. EMMANUEL ADAMS; and NURSE KEENER,**

        **Defendants.**

## REPORT AND RECOMMENDATION

On January 28, 2021, the *pro se* plaintiff, who is a federal inmate incarcerated at SFF Hazelton, initiated this case by filing a Bivens complaint concerning the COVID pandemic and its impact on the conditions of her confinement.[1] This case is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 2 and 28 U.S.C. §§ 1915A and 1915(e).

---

[1] The undersigned notes that on June 17, 2020, the plaintiff's sentencing court denied an emergency request for immediate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(I). A second motion for compassionate release was denied on October 23, 2020. On December 2, 2020, the petitioner filed her third motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), which remains pending.  See Criminal Action No. 1:17-cr-00025-CMH-1 (ED VA.) (available on PACER). In addition, it appears that the plaintiff may have sought relief under Section 12003 of the CARES Act. [Doc. 1-6]. CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (2020).  However, the CARES Act places decision-making solely with the Discretion of the Attorney General and the Director of the Bureau of Prisons.

**Standard of Review**

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious.  Pursuant to 28 U.S.C. § 1915A(b), a court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  However, the court must read *pro se* allegations in a liberal fashion.  Haines v. Kerner, 404 U.S. 519, 520 (1972).   A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous.  See Neitzke at 328.  Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[2] or when the claims rely on factual allegations which are  "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).  This includes claims in which the plaintiff has little or no chance of success.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

**Analysis**

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies.  42 U.S.C. § 1997(e)(a).  Exhaustion as provided in § 1997(e)(a) is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001).  A

---

[2] *Id.* at 327.

Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaustion of administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[3] and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter, at 524 (citing Booth, 532 U.S. at 741) (emphasis added).

Moreover, in Woodford v. Ngo, 548 U.S. 81, 84-85 (2006), the United States Supreme Court found that the PLRA's exhaustion requirement serves three main purposes: (1) to "eliminate unwarranted federal court interference with the administration of prisons"; (2) to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case"; and (3) to "reduce the quantity and improve the quality of prisoner suits." Therefore, "the PLRA exhaustion requirement requires *full* and *proper* exhaustion." Woodford at 92-94 (emphasis added). Full and proper exhaustion includes meeting all the time and procedural requirements of the prison grievance system. *Id.* at 101-102.

The Bureau of Prisons provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8). See 28 C.F.R. § 542.10, et seq. If the prisoner achieves no satisfaction informally, she must file a written complaint to the warden (BP-9), within 20 calendar days of she date of the occurrence on which the complaint is based. If an inmate is not satisfied with the warden's response, she may

---

[3] *Id.*

appeal to the regional director of the BOP (BP-10) within 20 days of the warden's response. Finally, if the prisoner has received no satisfaction, she may appeal to the Office of General Counsel (BP-11) within 30 days of the date the Regional Director signed the response.[4] An inmate is not deemed to have exhausted her administrative remedies until she has filed her complaint at all levels. 28 C.F.R.§ 542.10-542.15; Gibbs v. Bureau of Prison Office, FCI, 986 F.Supp. 941, 943 (D.Md. 1997).

In Jones v. Bock, 549 U.S. 199 (2007), the United States Supreme Court ruled, among other things, that an inmate's failure to exhaust under the PLRA is an affirmative defense, and an inmate is not required to specifically plead or demonstrate exhaustion in her complaint. Nonetheless, pursuant to the Court's authority under 28 U.S.C. § 1915, it not foreclosed from dismissing a case *sua sponte* on exhaustion grounds, if the failure to exhaust is apparent from the face of the complaint. See Anderson v. XYZ Prison Shealth Services, 407 F.3d 674, 681-82 (4th Cir. 2005).

In this case, the plaintiff concedes that she has not exhausted her administrative grievances because "she is in need of 'emergency medical attention." [Doc. 1 at 8]. Accordingly, it is clear from the face of the complaint that the plaintiff failed to fully exhaust

---

[4]"If accepted, a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received. Once filed, response shall be made by the Warden or CMM. within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days...If the time period for response to a Request or Appeal is insufficient to make an appropriate decision, the time for response may be extended once by 20 days at the institution level, 30 days at the regional level, or 20 days at the Central Office level. Staff shall inform the inmate of this extension in writing. Staff shall respond in writing to all filed Requests or Appeals. If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

her administrative remedies[5] prior to filing suit and those claims should be dismissed. See Woodford, 548 U.S. at 85 ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.").

## Recommendation

For the foregoing reasons, the undersigned recommends that the plaintiff's complaint [Doc. 1] be **DISMISSED without prejudice** for the failure to exhaust administrative remedies. It is further recommended that the plaintiff's pending motion to proceed *in forma pauperis* **[Doc.2]** be **DENIED and the filing fee WAIVED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas

---

[5]Even if the plaintiff had not conceded that she had failed to exhaust her administrative grievances, her BP-9 was denied on December 17, 2020 [Doc. 1-1]. Although the plaintiff appears to have prepared her BP-10 on January 3, 2021 [Doc. 1-2], given the timeline for filing grievances, and the response times at each level, it is clear that the plaintiff could not have exhausted her BP-10 and BP-11 before she filed her complaint.

v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

    The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to her last known address as shown on the docket.

    DATED: February 2, 2021

                                                  /s/ *James P. Mazzone*
                                                JAMES P. MAZZONE
                                                UNITED STATES MAGISTRATE JUDGE